NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAMON L. CAMPBELL, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> NEVADA DEPARTMENT OF CORRECTIONS; HIGH DESERT STATE PRISON; BRIAN WILLIAMS, Warden; Lt NASH; Sgt. GEORGE; Sgt. RICHARD ASHCRAFT, Corrections Officer; LAURENETTE, Corrections Officer; General DEL PORTO, Investigator; MCKEEKAN, <br><br> Defendants - Appellees. | No. 23-2705 <br><br> D.C. No. 2:20-cv-00634-CDS-VCF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Submitted April 22, 2026[**]

Before:     LEE, DESAI, and JOHNSTONE, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Nevada state prisoner Damon L. Campbell appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging Eighth Amendment violations arising out of the treatment he received after being pepper sprayed. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024). We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment for Williams, Nash, George, and McKeehan because Campbell failed to raise a genuine dispute of material fact as to whether these defendants were aware of a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (setting forth elements of an Eighth Amendment claim). Moreover, Campbell has not identified any error in the district court's sua sponte entry of summary judgment for George. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (explaining that district courts may sua sponte enter summary judgment if the parties are given notice of the district court's intention to do so and an opportunity to develop a factual record).

The district court granted summary judgment for Ashcraft because Campbell failed to raise a genuine dispute of material fact as to whether Ashcraft acted with deliberate indifference to a substantial risk of serious harm. However, Campbell provided evidence that he asked Ashcraft for his towel, soap, and shower shoes

because Campbell was experiencing ongoing burning as a result of being pepper sprayed. *See Farmer*, 511 U.S. at 835 (explaining that to prevail on an Eighth Amendment claim, a plaintiff must show that defendants acted with deliberate indifference to a substantial risk of serious harm); *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (explaining that "officials . . . may have been deliberately indifferent to the prisoners' serious medical needs if, in fact, they were aware of the harmful effects of the pepper spray . . . and yet purposefully refused to provide showers [or] medical care"). Because there is no indication from the record that the district court considered this evidence, we vacate summary judgment for Ashcraft and remand for the district court to consider this evidence in the first instance.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Campbell's Motion for Commencement of Appellate Review (Docket Entry No. 27) is denied as unnecessary.

**AFFIRMED in part, VACATED in part, and REMANDED.**